**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Edgar CRUZ, Defendant–Appellant.**

No. 10–50948
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 11, 2011.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Assistant Federal Public Defender, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM: *

Edgar Cruz pleaded guilty to importation of marijuana and possession with intent to distribute marijuana, and he was sentenced within the guidelines range to 77 months of imprisonment and four years of supervised release on each count, to be served concurrently.

Cruz argues on appeal that the district court imposed an unreasonable sentence when it sentenced him at the bottom of the advisory guidelines range to 77 months of

imprisonment. He contends that the career offender enhancement overstated the seriousness of his offense and did not take into consideration any of the 18 U.S.C. § 3553(a) factors. He also contends that his sentence was greater than necessary because of mitigating factors in his personal history and characteristics and his family responsibilities.

Because Cruz did not object to the reasonableness of his sentence in the district court, the issue should be reviewed for plain error. *See United States v. Peltier,* 505 F.3d 389, 391–92 (5th Cir.2007). The record demonstrates that the district court considered Cruz's arguments and the § 3553(a) factors in imposing his within-Guidelines sentence, and thus Cruz has failed to rebut the presumption that his sentence was reasonable. *See United States v. Campos–Maldonado,* 531 F.3d 337, 338 (5th Cir.2008). As a result, Cruz has not shown that the district court committed plain error by imposing an unreasonable sentence. *See Peltier,* 505 F.3d at 391–92.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.